Filed 2/21/14  Sporn v. JP Morgan Chase Bank CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ALAN R. SPORN,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>    Defendants and Respondents. | G047501<br><br>(Super. Ct. No. 30-2010-00420922)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING AND REQUESTS FOR PUBLICATION; NO CHANGE IN JUDGMENT |

It is ordered that the opinion filed on January 27, 2014 be modified as follows:

On page 13, in the first full paragraph, in the second sentence beginning with "But this directly contradicts," delete the last portion of the sentence stating "statements plaintiff's counsel did not dispute at the time."  The new sentence will read, "But this directly contradicts the trial court's statements at the hearing."

This modification does not change the judgment.  The petition for rehearing is DENIED.

Respondents JPMorgan Chase Bank, N.A. and California Reconveyance Company, and separately Wells Fargo Bank, N.A. have requested that the opinion be certified for publication.  The opinion does not meet the standards set forth in California Rules of Court, rule 8.1120(c).  The requests are DENIED.

The clerk of this court is directed, pursuant to California Rules of Court, rule 8.1120(b), to forward a copy of the opinion, this order, and the requests for publication to the California Supreme Court.


THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ALAN R. SPORN, | |
| Plaintiff and Appellant, | G047501 |
| v. | (Super. Ct. No. 30-2010-00420922) |
| JPMORGAN CHASE BANK N.A., et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Andrew P. Banks, Judge.  Affirmed.

Garcia & Phan, Robert N. Phan, Juan D. Garcia; Law Offices of Richard L. Antognini and Richard L. Antognini for Plaintiff and Appellant.

AlvaradoSmith, John M. Sorich, S. Christopher Yoo and Jenny L. Merris for Defendants and Respondents.

\*          \*          \*

Plaintiff Alan R. Sporn appeals from the sustaining of a demurrer without leave to amend to his second amended complaint (SAC) against defendants JPMorgan Chase Bank, N.A. (Chase) and California Reconveyance Company (CRC). He claims he pleaded sufficient facts to state causes of action for wrongful foreclosure, violation of Civil Code section 2923.5[1], unfair competition (Bus. & Prof. Code, § 17200 et seq.; UCL), and cancellation of documents. We disagree and affirm.

## FACTS AND PROCEDURAL HISTORY

In 2006 plaintiff borrowed not quite $2 million (Loan) to refinance residential real property in Laguna Hills (Property). He executed a note (Note) secured by a trust deed (Trust Deed) in favor of Washington Mutual Bank (WaMu) as lender and beneficiary. CRC was the trustee. Although apparently not directly alleged, in his brief, citing to the Note and Trust Deed, plaintiff states WaMu was also the servicing agent.

Plaintiff alleges that in 2006 WaMu sold his Note and deed as part of a pool to the "'WaMu Mortgage Pass-Through Certificates Series 2006-AR 18 Trust'" (Trust).[2] He pleads WaMu's Security Exchange Commission filings raised "many issues, concerns, and violations, including lack of standing to proceed with the non-judicial foreclosure."

The SAC alleges that in 2008 the Federal Deposit Insurance Corporation (FDIC) was appointed as receiver of WaMu. On the same date, pursuant to a purchase and assumption agreement (Purchase Agreement), Chase acquired WaMu's loan portfolio from the FDIC. The Purchase Agreement set a settlement date for closing but gave the receiver the authority to extend it. Subsequently, the FDIC did extend the "Final Settlement to August 30, 2010." (Boldface omitted.)

---

[1] All further statutory references are to the Civil Code unless otherwise specified.

[2] Plaintiff did not attach a copy of the Trust to the SAC. He did include it as part of his motion for reconsideration of the ruling on the demurrer. The trustee for the Trust was LaSalle Bank National Association.

Plaintiff alleges on information and belief that as of the date he filed the SAC, Chase's purchase of WaMu's assets under the Purchase Agreement was not complete and therefore Chase had "been servicing loans and other assets of WaMu without any proper authority." Plaintiff also pleads Chase failed to record its assignment (FDIC Assignment) of plaintiff's Trust Deed from the FDIC. Therefore, Chase was not the beneficiary of record and had no rights or powers associated with the Note and Trust Deed.

On May 19, 2009 Chase assigned all interest in the Note and Trust Deed (Chase Assignment) to Bank of America National Association (BofA) as successor by merger to LaSalle Bank National Association as trustee for the Trust. The Chase Assignment bore the signature of Deborah Brignac as vice-president of Chase. The Chase Assignment was allegedly void because Chase had not recorded the FDIC Assignment of the Note and Trust Deed.

Immediately after the Chase Assignment was recorded, Brignac on behalf of Chase, acting as agent for BofA as trustee of the Trust, recorded a substitution of trustee naming CRC as the trustee (Substitution of Trustee). This Substitution of Trustee was allegedly also ineffective because neither Brignac nor Chase had authority to execute it.

On May 20, 2009, after plaintiff had defaulted on his Loan, CRC recorded a Notice of Default and Election to Sell (NOD) showing an arrearage of approximately $65,000. When plaintiff failed to cure the default, in April 2010[3] CRC recorded a Notice of Trustee's Sale (Notice of Sale) signed by Brignac as vice-president. Brignac's

---

[3] Plaintiff alleges the date was March 15.

3

signature was allegedly forged.  In September 2010 CRC recorded a second Notice of Trustee's Sale.[4]

In October 2010 plaintiff filed a complaint against defendants and the mortgage brokers who obtained plaintiff's Loan, to which the parties filed demurrers. Plaintiff filed a first amended complaint before the hearing on the demurrers.  The parties' demurrers to the first amended complaint were sustained with leave to amend.

Subsequently plaintiff filed the SAC alleging causes of action for fraud, to declare the Note and Trust Deed void, breach of fiduciary duty, intentional infliction of emotional distress, declaratory relief, quiet title, wrongful foreclosure, violation of section 2923.5, and unfair competition, seeking restitution, damages, civil penalties, cancellation of documents, and to enjoin foreclosure.

The court sustained the demurrer without leave to amend and, after denying plaintiff's motion for reconsideration, entered judgment.  We will discuss only four cause of action:  wrongful foreclosure, violation of section 2923.5, cancellation of documents, and unfair competition, because those are the ones plaintiff pursues on appeal.  The relevant allegations of these causes of action are set out below.

**DISCUSSION**

*1. Introduction*

"When reviewing a judgment dismissing a complaint after the granting of a demurrer without leave to amend, courts must assume the truth of the complaint's properly pleaded or implied factual allegations.  [Citation.]"  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)  But we do not assume the truth of speculative allegations (*Rotolo v. San Jose Sports & Entertainment, LLC* (2007) 151 Cal.App.4th

---

[4] This document was attached to defendants' request for judicial notice filed with the demurrer.  Plaintiff filed an opposition to the request.  The record contains no ruling but we presume the request was granted because in their briefs the parties discuss documents included in the request.

4

307, 318) or "contentions, deductions or conclusions of law" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967). "[W]e give the complaint a reasonable interpretation, and read it in context. [Citation.]" (*Schifando*, at p. 1081.) If the demurrer can be sustained on any ground raised, we must affirm. (*Ibid.*)

2. *Wrongful Foreclosure*

The gravamen of this cause of action is the claim defendants had no authority to record the NOD and Notice of Sale or foreclose on the Property. This is based on several allegations, some of which are unclear or contradictory. These include: 1) the Note and deed were sold to the Trust before WaMu went into receivership and were not included in the assets the FDIC sold to Chase; 2) Chase did not receive a recorded assignment of the Trust Deed and was not a beneficiary thereof and thus could not assign its interest to the Trust, in violation of section 2932.5[5]; 3) in the absence of the assignment of the Trust Deed to Chase, Chase could not exercise the power of sale in the Trust Deed; 4) Chase's assignment of the Trust Deed to the Trust in May 2009 was invalid because the "cut-off date" for a loan to be transferred to the pool was December 1, 2006; 5) Brignac was never authorized to execute the Substitution of Trustee; 6) Brignac's signature on the Notice of Sale was forged; and 7) the NOD was premature

---

[5] Section 2932.5 states: "Where a power to sell real property is given to a *mortgagee, or other encumbrancer*, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded." (Italics added.) This section does not apply to a deed of trust. (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 518 (*Jenkins*).)

Further, plaintiff did not raise this as an issue in the argument dealing with wrongful foreclosure in either of his briefs. Therefore, if he intended to rely on this as a basis for reversal, the claim is forfeited. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

because defendants failed to meet and confer with plaintiff as required under section 2923.5.[6]

Based on these claims, plaintiff alleges none of the defendants can prove it owns the Note or is a beneficiary under the Trust Deed and therefore cannot lawfully foreclose.

None of these allegations suffices to support a cause of action for wrongful foreclosure. Preliminarily, plaintiff has not alleged there has been a sale of the Property, generally an element of a wrongful foreclosure cause of action. (*Chavez v. Indymac Mortgage Services* (2013) 219 Cal.App.4th 1052, 1062 [elements of wrongful foreclosure cause of action are illegal or fraudulent sale of property pursuant to deed of trust, harm to plaintiff, and plaintiff's tender of debt amount or excuse therefrom].)

Where there has been no sale, without specific allegations of irregularity, a plaintiff has no standing to challenge a foreclosure based on a claim the party commencing the process is not authorized to do so.

In *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149 (*Gomes*), the court considered and rejected claims similar to those plaintiff raises here. The plaintiff, who had executed a note and deed of trust and subsequently defaulted on the note, sued for wrongful foreclosure. He alleged the note had been sold and the current owner was unknown and had not authorized the foreclosure. In affirming the order sustaining the demurrer, the appellate court pointed to sections 2924 through 2924k, describing them as constituting a "'comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust' [citation] . . . [that] 'cover[s] every aspect of exercise of the power of sale contained in a deed of trust.' [Citation.]" (*Gomes*, at p. 1154.)

---

[6] Plaintiff included a separate cause of action based specifically on an alleged violation of section 2923.5. As set out below the cause of action is insufficient. For the same reasons it does not support a claim for wrongful foreclosure.

6

Due to the "'exhaustive nature of this scheme, California appellate courts have refused to read any additional requirements into the [nonjudicial] foreclosure statute.' [Citations.]" (*Gomes, supra,* 192 Cal.App.4th at p. 1154.) *Gomes* held there is no authority to "interject the courts into this comprehensive nonjudicial scheme" by allowing a party to file a suit to determine whether the party initiating the foreclosure has been properly authorized to do so by the owner of the note. (*Ibid.*)

Moreover, section 2924, subdivision (a)(1) states a notice of default may be recorded by "a 'trustee, mortgagee, or beneficiary, or any of their authorized agents.'" "[N]owhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground for implying such an action. [Citation.] [T]he recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." (*Gomes, supra,* 192 Cal.App.4th at p. 1155.)

For the same reason, plaintiff's claim Chase never purchased his Loan from WaMu fails. If Chase did not buy it, it remained in the Trust.[7] Further, pursuant to the Purchase Agreement, Chase specifically purchased "all mortgage servicing rights" of WaMu, including the right to service plaintiff's Loan. Under section 2924, subdivision (a)(1) Chase, as the servicer, had the right to initiate the foreclosure.

In his reply brief, plaintiff tries to overcome this fact by claiming Chase could not act as the servicer because neither it nor the Trust owned the loan. Plaintiff devotes pages to the argument that only a beneficiary may initiate a foreclosure. In this case the Trust Deed does provide the Lender is the beneficiary. But this argument conflicts with the SAC, where, by virtue of the allegation the Trust owned the Loan at the

---

[7] If the Loan remained in the Trust, the allegation that Chase did not validly assign the Loan to the Trust fails.

7

time the assets were transferred to Chase, plaintiff has pleaded the Trust owns the Loan.[8] And Chase is the servicer.

Plaintiff points to cases that state a party may plead a wrongful foreclosure action if the complaint alleges specific facts showing the foreclosure was not initiated by the correct person. (*Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079 (*Glaski*); *Jenkins, supra*, 216 Cal.App.4th 497, 518; *Gomes, supra*, 192 Cal.App.4th 1149.) Plaintiff has not alleged any specific facts supporting such a claim and these cases do not save plaintiff's cause of action. Both *Jenkins* and *Gomes* refused to allow a cause of action to proceed on facts similar to those in the instant case.

In *Glaski*, the plaintiff-borrowers made the same allegation as plaintiff here, i.e., the assignments of a loan to a trust were invalid because they were made after the closing date set out in the securitized trust agreement. The complaint alleged the defendants could not foreclose. The court allowed this cause of action to proceed, despite the fact the plaintiffs were not parties to the agreement, ruling, under New York law, the trust could not accept the transfer. (*Glaski, supra*, 218 Cal.App.4th at pp. 1096-1097.) *Glaski* has been called "an outlier" (*Sandri v. Capital One, N.A.* (Bankr. N.D.Cal. 2013) ___B.R. ___, ___ [2013 WL 5925655, p. *4] (*Sandri*) and, as set out in *Sandri*, most California federal district court cases have criticized it or declined to follow it. (*Ibid*.)

The majority of cases hold that borrowers have no standing to sue based on alleged noncompliance with a pooling and service agreement if they are not parties or third party beneficiaries of the agreement. (E.g., *Jenkins, supra*, 216 Cal.App.4th at p.

---

[8] Plaintiff's reliance on *Mena v. JPMorgan Chase Bank, N.A.* (N.D.Cal., Sept. 7, 2012, No. 12-1257 PSG) 2012 WL 3987475 is not well taken. There the court found WaMu had transferred the plaintiff's note and trust deeds to WaMu Asset Acceptance Corporation. (*Id*. at p. *1.) Plaintiff suggests this could have happened to his loan because, according to *Mena*, WaMu often made such transfers.

We found nothing in *Mena* to support this last claim and it is irrelevant to the case before us in any event. Further, it is pure speculation and not sufficient to support a cause of action. In addition, it is contrary to the allegations in the SAC.

515 [borrower has no standing to enforce pooling agreement]; *Hosseini v. Wells Fargo Bank, N.A.* (N.D.Cal., Aug. 9, 2013, No. C-13-02066 DMR) 2013 WL 4279632, p. *3 [the plaintiff lacked standing to challenge the process even where securitized trust allegedly dissolved before loan transferred thereto]; *Junger v. Bank of America., N.A.,* (C.D.Cal., Feb. 24, 2012, No. CV 11–10419 CAS (VBKx)), 2012 WL 603262, pp. *1, 3 [where the plaintiff not party to pooling agreement, could not challenge alleged failure to timely transfer the note to the trust]; *Almutarreb v. Bank of New York Trust Co., N.A.* (N.D.Cal., Sept. 24, 2012, No. C 12-3061 EMC) 2012 WL 4371410, p. *2 [the plaintiff had no standing to raise claim transfer of loan beyond closing date; argument "soundly rejected by courts"; listing similar cases].) We believe the majority view is the better one.

As to the alleged invalidity of the Substitution of Trustee naming CRC as trustee, the claim is immaterial. CRC was the original trustee under the Trust Deed.

And even assuming one or more of plaintiff's allegations was sufficient, plaintiff still failed to allege a viable wrongful foreclosure cause of action. To recover in a wrongful foreclosure action, a plaintiff must also plead "the alleged imperfection in the foreclosure process was prejudicial." (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272.) "Prejudice is not presumed from 'mere irregularities' in the process. [Citation.]" (*Ibid.*)

*Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75 is instructive. There, the plaintiff made allegations similar to those here. The court affirmed an order sustaining a demurrer without leave to amend, stating, "Absent any prejudice, the [plaintiffs] have no standing to complain about any alleged lack of authority or defective assignment. [Citations.]" (*Id.* at p. 85.)

As in *Siliga* plaintiff has not alleged how he was prejudiced by any defect with the assignment or that he was harmed at all. He does not contend he is not in default under the Note and Trust Deed. In fact, he still owes the amount due under the note and

9

has been living in the Property without making any payments since his default, which occurred sometime prior to May 2009 when the NOD was recorded. Plaintiff does not allege the foreclosure proceedings by defendants prevented him from paying the Note or curing his default. He does not plead another potential owner of the Loan made demand on him for payment or would not have foreclosed upon his default. Thus, because plaintiff has not shown prejudice, his cause of action must fail.

In his reply brief plaintiff takes an entirely different tack, raising other issues for the first time. Preliminarily we note we need not address new issues not argued in the opening brief. (*Mansur v. Ford Motor Co.* (2011) 197 Cal.App.4th 1365, 1387-1388.) Even if we consider them on the merits, however, plaintiff does not prevail.

Relying on the fact the Property has not been sold, plaintiff claims the Homeowners Bill of Rights and particularly section 2924, subdivision (a)(6) applies. It states: "No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest." (*Ibid*.) But this statute became effective January 1, 2013 and does not apply because the foreclosure was already initiated before that date. (*Rockridge Trust v. Wells Fargo, N.A.* (N.D.Cal. 2013) ___ F.Supp.2d ___, ___ [2013 WL 5428722, p. *28] [Homeowners Bill of Rights not retroactive].)

In a related argument plaintiff points to the 2012 National Settlement Agreement in which Chase allegedly promised to advise a defaulting borrower it has the right to foreclose and ensure it has an interest giving it the right to foreclose. This was

10

not pleaded and even had it been, it has no bearing on whether this cause of action is sufficient.

Alternatively, plaintiff states that "[i]f nothing else," he has a declaratory relief cause of action because neither Chase nor the Trust owns the Loan. A necessary element of a declaratory relief cause of action is the existence of an "'*actual*, *present controversy* over a proper subject.' [Citation.]" (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 79.) We review whether there is an actual, present controversy de novo (*County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 606) and conclude plaintiff has no viable cause of action.

Plaintiff contends it is necessary to determine whether "the proper party is foreclosing" and asserts he can amend his pleading to allege damages. This includes the loss of the Property to a stranger that has no power to foreclose. But the facts already alleged, as discussed above, undercut that claim. Likewise, that the Property is unique is not a sufficient basis to allege damages.

Plaintiff argues that "if" he was to seek a modification of the Loan or pay off the Loan through refinancing he must deal with the owner of the Loan. He also suggests that "if" he sells the Property he will need to convey clear title.

All of these claims are speculative. He has not asserted he attempted to or actually seeks in the future a modification, or payoff, refinance, or sell the Property. "[E]ven if any subsequent transfers of the promissory note were invalid, [plaintiff] is not the victim . . . because [his] obligations under the note remain[] unchanged. . . . [Plaintiff] . . . may not assume the theoretical claims of hypothetical transferors and transferees for the purposes of showing a 'controversy of concrete actuality.' [Citation.]" (*Jenkins, supra,* 216 Cal.App.4th at p. 515.)

Moreover, plaintiff continues to ignore the fact the Loan is in default and he has not offered to cure the default or pay off the Loan. This is a fatal defect to a cause of action for both wrongful foreclosure and declaratory relief.

11

*3. Violation of Section 2923.5*

Pursuant to section 2923.5 when a trustor is in default, before recording a notice of default the lender must contact the borrower "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." (§ 2923.5, subd. (a)(2).) The statutory requirement is satisfied, even if the lender is unable to contact the borrower, if the lender exercises "due diligence" as defined. (§ 2923.5, subd. (e).)

Plaintiff alleges defendants did not assess his financial situation or explore workout options and further pleads defendants did not exercise due diligence. Defendants counter that their notice of default, as apparently judicially noticed in the trial court, contains a declaration that due diligence was exercised and thus the demurrer was properly sustained. We disagree.

In *Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047 a similar argument was made by the defendant. The court held that although it could take judicial notice of the existence of the declaration of due diligence, it could not take judicial notice of its contents. (*Id*. at p. 1057.) The complaint alleged the declaration was false and facts judicially noticed may not dispose of issues unless they are undisputed. (*Ibid*.) Further, the declaration of due diligence was conclusory, stating only that it had been exercised without setting out the actual actions taken. (*Ibid*.)

But that does not mean this cause of action can stand. The only remedy for violation of section 2923.5 is a postponement of the foreclosure sale to comply with the statute. (*Intengan v. BAC Home Loans Servicing LP, supra,* 214 Cal.App.4th at p. 1058, fn. 4; *Skov v. U.S. Bank National Assn.* (2012) 207 Cal.App.4th 690, 696; *Sandri, supra,* ___B.R. ___, ___ [2013 WL 5925655 at p. *6].)

Here defendants have complied. As noted by the trial court at the hearing on the demurrer and as shown in the register of actions, the parties participated in a loan modification settlement conference. The court pointed out the parties had represented to the court they had been in discussions to settle the case by modifying the loan and had

produced documents "necessary to proceed with the loan modification review." They had also signed a stipulation to that effect. On that basis the court sustained the demurrer to the cause of action for violation of section 2923.5 as moot, because plaintiff had "obtained the only relief available." We agree with this conclusion.

Plaintiff's arguments to the contrary have no merit. First, he claims, without support in the record, Chase did not attend two mandatory settlement conferences. But this directly contradicts the trial court's statements at the hearing, statements plaintiff's counsel did not dispute at the time. Plaintiff also states, "Nothing was accomplished." But the statute does not require results, only an attempt.

Finally, we are not persuaded that a loan modification conference during litigation is insufficient to satisfy the statute. *Intengan*, *Skov*, and *Sandri* limit a borrower's remedy to postponement of a foreclosure sale pending compliance with the statute. Here the parties attempted to work out a solution to avoid foreclosure. This was done before any foreclosure sale. Thus, the demurrer to the cause of action for violation of section 2923.5 was properly sustained without leave to amend.

*4. Unfair Competition*

For a private plaintiff to have standing to bring a UCL claim, he must allege an injury in fact and damages, i.e., lost money or property resulting from defendants' wrongful conduct. (Bus. & Prof. Code, § 17204.) To plead standing, a party must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused* by the unfair business practice or false advertising that is the gravamen of the claim." (*Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 322.)

A review of the SAC shows plaintiff has not pleaded any damages or injury in fact. The closest he comes is an allegation that defendants' alleged wrongful practices "have caused substantial harm to California consumers." This is not sufficient to support a UCL cause of action. (*Bower v. AT&T Mobility, LLC* (2011) 196 Cal.App.4th 1545,

13

1554 [damages must be "'"'concrete and particularized'"'" and "'"'actual or imminent, not "conjectural" or "hypothetical"'"'"]; *Hutchins v. Bank of America, N.A.* (N.D.Cal., Oct. 28, 2013, No. 13-cv-03242-JCS) 2013 WL 5800606, p. *13 [in wrongful foreclosure action, complaint dismissed because the plaintiff failed to plead he suffered economic injury caused by the defendant's alleged wrongful conduct]; *Ellis v. Bank of America, N.A.* (C.D.Cal., Oct. 28, 2013, No. CV 13-5257-CAS-(AGRx)) 2013 WL 5935412, p. *4 [insufficient allegation of damages where no foreclosure sale].)

Even plaintiff's briefs are devoid of any claimed damages. The court correctly sustained the demurrer to this cause of action without leave to amend.

5. *Cancellation of Written Instrument*

Plaintiff pleads the Trust Deed, Chase Assignment, Substitution of Trustee (substituting CRC for CRC), NOD, and Notice of Sale "are void, as they were not contrived to create an interest in [d]efendants." In his brief plaintiff argues the Notice of Sale "is an apparent forgery" (boldface omitted) because it was not "properly notarized [or] signed" (underscoring omitted) by Brignac on behalf of Chase. He further contends a comparison of her signatures on the Assignment of Trust Deed and Substitution of Trustee with her signature on the Notice of Sale shows the signature on the latter was forged. He also relies on a press release issued by a registrar of deeds in Massachusetts and attached to his declaration in support of his motion for reconsideration, which dubs Brignac a robo-signer. None of these contentions or arguments suffices to support a valid cancellation cause of action.

A similar contention was made in *Cerecedes v. U.S. Bankcorp* (C.D.Cal., July 11, 2011, No. CV 11-219 CAS (FMOx)) 2011 WL 2711071. The court found the robo-signing allegations insufficient because "pled in a conclusory fashion without any factual support." (*Id*. at p. *5.) The court also noted a more important fact that the plaintiffs did not challenge their loan was in default or that they had received all the contested documents, as is the case here. (*Ibid*.)

14

In *Sandri, supra*, ___B.R. ___, [2013 WL 5925655] the original lender and trustee pooled the plaintiff's "mortgage" and transferred it to a trust, as was allegedly done here. When the plaintiff defaulted on her note, MERS, the alleged beneficiary and lender's nominee, executed an assignment of the trust deed to the defendant. The defendant subsequently recorded a substitution of trustee. The same person signed both of those documents. The plaintiff alleged that person was a robo-signer who lacked authority to sign on behalf of MERS.

The court affirmed dismissal of the fraud count based on the alleged robo-signing, because the defendant did not dispute she was in default on her loan. *Sandri, supra,* ___B.R. ___ [2013 WL 5925655 at p. *3].)[9]

Many other cases reach the same conclusion. (E.g., *Ruiz v. SunTrust Mortgage, Inc*. (E.D.Cal., July 24, 2012, No. CV F 12-0878 LJO BAM) 2012 WL 3028001, p. *8 [complaint "fails to establish how alleged 'robo-signing' precludes foreclosure of the property"]; *Lee v. Mortgage Electronic Registration Systems, Inc*. (D.Haw., June 27, 2012, Civil No. 10-00687 JMS BMK) 2012 WL 2467085, p. *5 [robo-signing allegations "wholly speculative and therefore fail to state a plausible claim"].)

Moreover, plaintiff failed to plead how he was damaged by the alleged robo-signing, as is required. *(Lee v. Mortgage Electronic Registration Systems, Inc., supra*, 2012 WL at p. *5; *Nastrom v. New Century Mortgage Corp.* (E.D.Cal., June 8, 2012, No. 1:11cv01998 DLB) 2012 WL 2090145, p. *5.) The majority of cases hold a homeowner has no standing to challenge robo-signatures because the loss of property through foreclosure, as plaintiff here alleges, is not caused by robo-signing but instead by plaintiff's default. (*Javaheri v. JPMorgan Chase Bank, N.A.* (C.D.Cal. 2012, No. 2:10-cv

---

[9] In dicta, the court also noted MERS had "authority to assign mortgage instruments or to appoint successor trustees, even after the original promissory note [had] been assigned to a trust pool. [Citations.]" (*Sandri, supra*, ___B.R. ___ [2013 WL 5925655 at p. *3, fn. 4].)

08185-ODW (FFMx)) 2012 WL 3426278, p. \*6 [even assuming robo-signing allegation true, the plaintiff had no standing to raise challenge without "a concrete and particularized injury that is fairly traceable to" the challenged document].)

This cause of action does not challenge the validity of the Note and Trust Deed and again plaintiff does not dispute he is in default. Therefore, foreclosure would take place regardless of whoever gave notice of the default and trustee's sale.

*6. Leave to Amend*

If the trial court sustains a demurrer without leave to amend, if a plaintiff seeks leave to amend, he must demonstrate how the complaint could be amended to state a valid cause of action. (*Schifando v. City of Los Angeles, supra,* 31 Cal.4th at p. 1081.) "'To satisfy that burden on appeal, a plaintiff "must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." [Citation.] . . . The plaintiff must clearly and specifically set forth the "applicable substantive law" [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it. Further, the plaintiff must set forth factual allegations that sufficiently state all required elements of that cause of action. [Citations.]'" (*Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1491.)

Here plaintiff has not met his burden to show how he could amend any of the four causes of action. In addition, he has already had three opportunities to plead a valid cause of action. As a result, there is no basis on which to grant leave to amend.

16

## DISPOSITION

The judgment is affirmed.  Defendants are entitled to costs on appeal.


THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.